IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| Mark Ranzell Fields,<br>    Plaintiff, | )<br>)<br>) | |
| v. | ) | 1:15cv712 (JCC/JFA) |
| | ) | |
| L. Okoye, et al.,<br>    Defendants. | )<br>) | |

## MEMORANDUM OPINION

Mark Ranzell Fields was a Virginia inmate when he filed this pro se civil rights action, pursuant to 42 U.S.C. § 1983, alleging that he suffered deliberate indifference to his serious medical needs at the Alexandria Detention Center ("ADC").[1] Plaintiff moved to proceed in forma pauperis in the action. Following review of the initial complaint, deficiencies in it were explained to plaintiff, and he was allowed an opportunity to file a particularized and amended complaint. After careful review of the amended complaint, the claim must be dismissed with prejudice pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim for which relief can be granted.[2]

---

[1] It appears that plaintiff is now residing at a private residence.

[2] Section 1915A provides:

> (a) **Screening.**—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) **Grounds for dismissal.**—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
>     (1) is frivolous, malicious, or fails to state a claim upon which relief can be granted; or

1

## I.

Plaintiff alleges that upon his incarceration at ADC in December, 2013, he began to submit requests for medical attention for his scabies infection. Plaintiff submitted 8 requests over the course of a month before he "got attention." Am. Compl. ¶1. On May 28, 2014, plaintiff requested that the medical department "provide [him] with instructions and complete treatment and help;" three days later, he informed medical that he was "scratching nonstop, unable to sleep and developing painful sores." Am. Compl. ¶6.[3] On June 4, 2014 plaintiff requested to see Dr. Hussein for a "follow-up," but Dr. Hussein denied his request. On June 7, plaintiff "notified medical of [his] concerns why there was never a follow up by Doctor Bennett or Hussein," id., and on June 20, 2014, he was able to see Dr. Hussein in the medical department and to describe the symptoms he was experiencing due to the scabies infection. After Dr. Hussein viewed the rash and sores on plaintiff's body he "disregarded" them and referred plaintiff to the psychologist. Am. Compl. ¶ 4.

On July 9, 2014, Mrs. Okoye "responded by stating an untruth and completely distorting the facts regarding the date" plaintiff received Permathrin for his scabies infection. Am. Compl. ¶5. Plaintiff explains that Mrs. Okoye "failed to follow the complete operation [sic] procedures for a scabies infection." Id.

Apparently beginning in July, 2014, plaintiff began to submit requests to see a specialist for his scabies. Am. Compl. ¶2. After submitting 15 such requests over a six-month period, plaintiff was allowed to visit a specialist at Capitol Dermatologist on December 23, 2014. Am.

---

(2) seeks monetary relief from a defendant who is immune from such relief.

[3]The amended complaint is not written in linear fashion, and for clarity's sake plaintiff's allegations are set out here in chronological sequence as best as that can be determined.

Compl. ¶3. The doctor there examined plaintiff and directed that officials at ADC should give plaintiff t-shirts, that plaintiff should receive two applications of Permathrin, and that he should return in two weeks for a follow-up visit. Id. On January 20, plaintiff was not given a complete application of Permathrin because he received only "the small container," and he was not provided with directions for its use. Am. Compl. ¶5.[4] On February 4 he received another container but it "was not even enough to treat the infected areas." Id. On March 25 and May 18 plaintiff submitted requests informing medical that he had not received full treatments for his scabies and had not been quarantined, but on May 20 "the same occurred again no instructions or help to apply needed medication nor did they quarantine me." Id.

Plaintiff informed Ms. Miller and Ms. Silvio of his "severe medical problem" by submitting request forms for medical assistance. Am. Compl. ¶7. Nurse Silvio talked to plaintiff regarding the issue only to dismiss his self-reporting as well as "clear visual knowledge of [his] lesions and sores." Am. Compl. ¶9.

The named defendants in this action are Ms. Okoye, Ms. Miller, Ms. Silvio, Dr. Hussein and Dr. Bennett, all of whom allegedly violated plaintiff's Eighth Amendment rights when they delayed and denied treatment for his "serious and urgent medical needs." Am. Compl. ¶ 13. As relief, plaintiff seeks an award of $900,000 in damages.

## II.

In reviewing a complaint pursuant to § 1915A, a court must dismiss a prisoner complaint that is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C.

---

[4] Plaintiff ascribes the date of January 20, 2014 to these events, Am. Compl. ¶5, but since his visit to the specialist who apparently prescribed the Permathrin allegedly occurred in December, 2014, it appears likely that they actually occurred in January, 2015. However, the chronological sequence of the events plaintiff describes is not determinative, as they are insufficient in substance to state a claim for §1983 relief regardless.

§ 1915A(b)(1). Whether a complaint states a claim upon which relief can be granted is determined by "the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." Sumner v. Tucker, 9 F. Supp. 2d 641, 642 (E.D. Va. 1998). Thus, the alleged facts are presumed true, and the complaint should be dismissed only when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). To survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. ----, ----, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to meet this standard, id., and a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level...". Twombly, 550 U.S. at 55. Moreover, a court "is not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 129 S. Ct. at 1949-1950.

### III.

To state a cognizable Eighth Amendment claim for denial of medical care, a plaintiff must allege facts sufficient to show that jail officials were deliberately indifferent to a serious medical need.[5] Estelle v. Gamble, 429 U.S. 97, 105 (1976); Staples v. Va. Dep't of Corr., 904

---

[5] It is unclear whether plaintiff was a pretrial detainee at the time the events he described occurred. If so, his claims are governed by the Due Process Clause of the Fourteenth Amendment. It is well established, however, that the due process rights of a pretrial detainee are at least as great as the Eighth Amendment protections available to a convicted prisoner. Slade v. Hampton Roads Regional Jail, 407 F.3d 243, 250 (4th Cir. 2005). For that reason, and because plaintiff expressly invokes the Eighth Amendment is asserting his claim, Am. Compl. ¶13, the Eighth Amendment standard is discussed here.

F.Supp. 487, 492 (E.D.Va. 1995). Thus, a plaintiff must allege two distinct elements to state a claim upon which relief can be granted. First, he must allege a sufficiently serious medical need. See, e.g., Cooper v. Dyke, 814 F.2d 941, 945 (4th Cir. 1987) (determining that intense pain from an untreated bullet wound is sufficiently serious); Loe v. Armistead, 582 F.2d 1291 (4th Cir. 1978) (concluding that the "excruciating pain" of an untreated broken arm is sufficiently serious). Second, he must allege deliberate indifference to that serious medical need. Under this second prong, an assertion of mere negligence or even malpractice is not enough to state an Eighth Amendment violation; instead, plaintiff must allege deliberate indifference "by either actual intent or reckless disregard." Estelle, 429 U.S. at 106; Daniels v. Williams, 474 U.S. 327, 328 (1986); Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990). The prisoner must demonstrate that defendants' actions were "[s]o grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Id. (citations omitted). Additionally, a prisoner's disagreement with medical personnel over the course of his treatment does not make out a cause of action. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985).

Here, taking all of plaintiff's allegations as true, he fails to state an actionable Eighth Amendment claim for the denial of medical care. As to the first component of such a claim, a condition is sufficiently serious to merit constitutional protection if it is "a condition of urgency, one that may produce death, degeneration, or extreme pain." Hathaway v. Coughlin, 37 F.3d 63, 66 (2d Cir. 1994). Several courts which have considered the issue have determined that scabies is not a sufficiently serious condition to warrant constitutional protection. In Allen v. Gaskins, Case No. 08-1338, (D.S.C. Feb. 18, 2010), plaintiff alleged that prison officials were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment when they caused him to contract scabies by assigning another inmate who had the infection as his cellmate. In

pertinent part, the court held:

> As an initial matter, Allen has presented no evidence from which a reasonable jury could find that his infection presented a substantial risk to his health or safety. See Farmer, 511 U.S. at 837 (stating that the prison official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.") Scabies is non-life threatening skin condition caused by "[a] contagious infestation of the skin with the itch mite." *Taber's Cyclopedic Medical Dictionary* 1945 (20th ed. 2005) ( defining "scabies"). Its symptoms are limited to "[a]n itchy rash that worsens at night" and commonly involves multiple members of the same household."

Id. at *3; see also, Young v. Slatowski, Case No. 07-04840, 2011 WL 1044891, at *5 (E. D. Pa. Mar. 22, 2011) (determining that plaintiff's allegations that scabies caused him to suffer skin irritation and scarring did not plausibly give rise to a finding of serious medical need); see generally, Tsakona v. Cicchi, 308 Fed. App'x 628, 632 (3d Cir. 2009) (holding that skin conditions including "eczema of the feet, seborrhea of the scalp, [and] athlete's foot" are not serious medical needs for purpose of a prisoner's Eighth Amendment right to medical treatment). Here then, plaintiff's allegations that he suffered from scabies, taken as true, do not satisfy the first component of an actionable Eighth Amendment claim.

Second, even were that not true, it is apparent that plaintiff did not suffer deliberate indifference to his scabies infection "by either actual intent or reckless disregard." Cf. Estelle, 429 U.S. at 106. While plaintiff's allegations in the amended complaint are not a model of clarity, they are sufficient to ascertain that plaintiff was seen by medical staff at ADC for his condition on several occasions, he was provided with medication on several occasions, and he was taken to see an outside specialist for the condition. While it is apparent that plaintiff believes these measures were inadequate, his disagreement with medical personnel over the course of his treatment does not state a cause of action. Wright, 766 F.2d at 849. Instead, as the defendants'

actions in responding to plaintiff's scabies were not ."[s]o grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness," Miltier, 896 F.2d at 851, the second component of an actionable Eighth Amendment claim likewise is absent here.

## IV. Conclusion

For the foregoing reasons, plaintiff's claim must be dismissed with prejudice for failure to state a claim, pursuant to 28 U.S.C. § 1915A(b)(1). An appropriate Order shall issue.

Entered this 29th day of March 2017.

Alexandria, Virginia

/s/
James C. Cacheris
United States District Judge